Brinkerhoee, G.J.
From the facts found by the district court it appears that when Samuel Turner, the common source of title, conveyed to Denny, and Denny to Isaac Evans, the grantors in those deeds of conveyance, respectively, believed they were conveying, and intended to convey — and the grantees believed they were receiving, and intended to receive, a perfect title to the entire tract of land described in the petition, including that part of the tract now in controversy between the parties; but, by mutual mistake, the terms of description employed in the deeds of conveyance did not embrace that part of the entire tract now in dispute. And, throwing out of view, for the present, the sale by the United States marshal to Hugh W. Evans, and the subsequent release to him by Isaac Evans and wife — the same remarks are true in respect to the conveyance from Hugh W. Evans to the plaintiff.
Thus far, then, we trace to Isaac Evans, and find in him a *168 perfect equitable title to the entire premises; leaving nothing but a naked legal title in Samuel Turner, or in the parties claiming under him with notice of the outstanding equitable title. And, in respect to the matter of notice, it may here be remarked, once for all, that at the time Samuel Turner undertook to convey to his son, and he to the defendant Perrill, the plaintiff was in the actual possession of the entire tract, and both Perrill and the Turners, therefore, were conclusively chargeable with notice of the plaintiff’s equitable title, whatever that might prove to be. House v. Beatty, 7 Ohio Rep. pt. 2, 90; Kelley v. Stanberry, 13 Ohio Rep. 426; Williams v. Sprigg, 6 Ohio St. Rep. 594. And whoever else may have, it is clear that the defendant Perrill has not the equitable title to the land in question.
It does not appear, nor is it claimed, that Isaac Evans, in whom the equitable title clearly vested, ever attempted any conveyance of the premises to any one, except by the deed of release by himself and wife to Hugh W. Evans, after the purchase by Hugh W. at the marshal’s sale; and, therefore, if the equitable title did not pass by that deed of release to Hugh W., and so to the plaintiff, it vested by descent in the heirs of Isaac Evans, where, for aught that appears, it still remains.
The sale by the United States marshal was, as to Isaac Evans, in invitum, and to it the doctrine of caveat emptor applies in all its strictness; and the plaintiff neither can, nor does, claim anything through the medium of that sale and conveyance.
The final question in the case then arises : Did the equitatable title to the land in dispute pass from Isaac Evans to Hugh W., by the deed of release from the former to the latter ? The plaintiff has made the heirs of Isaac Evans parties defendant to his petition, in which he claims the equitable title to these premises through the medium of this deed of release from their ancestor, and as against them. They have the equitable title if the plaintiff has not, but they fail to answer; •and, by their default, they conclusively confess the allegations *169 and claims of the plaintiff against them. Code of civil procedure, sec. 127. This, it seems to us, completes the plaintiff’s chain of title in equity, and is conclusive of the case in his favor. The defendant, Perrill, holds the naked legal title, and he is to be regarded as a trustee for the owner of the equity.
It is true, the district court find, as a matter of fact, established by parol testimony, admitted subject to exceptions, that while Isaac Evans and wife supposed that the terms of description employed by them in their deed of release to Hugh W., embraced the entire tract of land, yet the object and purpose of said deed was merely to release the wife’s inchoate right of dower therein. But, waiving all other questions as to the competency of this proof, it seems to us that the defendant, Perrill, can not be allowed thus to set up a countervailing equity in third persons, with whom he is not in privity, and who, being parties to the suit, by their silence disclaim for themselves, and in the plaintiff’s favor, the title, which he, a stranger, seeks to thrust upon them.
Decree for plaintiff.
Scott, Ranney, White and Wilder, JJ., concurred.